```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


LORI GAITHER,                      )
                                   )   Civ. No. 06-549-SU
         Plaintiff,                )
                                   )   FINDINGS AND RECOMMENDATION
    v.                             )
                                   )
MICHAEL B. MARSH,                  )
                                   )
         Defendant.                )
_____
```

**SULLIVAN, Magistrate Judge:**

Plaintiff Lori Gaither brings this civil rights action against defendant Michael B. Marsh, alleging that defendant violated her rights to due process, free speech, and equal protection.

Marsh moves to dismiss based on the statute of limitations. I recommend granting the motion to dismiss and allowing Gaither to move for leave to file an amended complaint.

BACKGROUND

For purposes of this motion, I accept the allegations in the complaint as true. Gaither worked for Safe Haven, an office that

1 - FINDINGS AND RECOMMENDATION

investigated ethics complaints for the Oregon Department of Transportation (ODOT). Gaither reported to Marsh, who was the deputy director of Central Services at ODOT.

In April 2002, Safe Haven received complaints of sexual harassment about Rudy Williams, the Chief of Human Resources at ODOT. Marsh told Gaither to investigate the complaints. Gaither said that she was uncomfortable investigating sexual harassment and was concerned that management would retaliate against her. She said that Human Resources or the Civil Rights unit should conduct the investigation instead.

Despite Gaither's objections, Marsh told her to investigate, and to specify any policies that Williams had violated. Gaither did investigate, while continuing to tell Marsh that she was uncomfortable about the investigation.

Gaither completed her report in June 2003. She found that Williams had violated state and federal laws against sexual harassment, state whistle-blower statutes, and agency policies against workplace harassment. Gaither also found that employees under Williams were afraid of retaliation. Gaither suggested that Williams be placed on administrative leave while an outside investigation was conducted.

An investigator who reviewed Gaither's report accused Gaither of bias and found her not credible. Marsh told Gaither about the investigator's conclusions and said that he agreed with

2 - FINDINGS AND RECOMMENDATION

the investigator. Marsh told Gaither to write a revised report which did not suggest policies were violated.

On September 22, 2003, Gaither met with Marsh and Drummond Kahn, ODOT's chief internal audits officer. Marsh and Kahn told Gaither that she should transfer out of Safe Haven because she had been there too long. They said that they were concerned about Safe Haven's credibility if Gaither remained there. Gaither responded that if she had done something wrong, they should say so and discipline or counsel her. Marsh and Kahn told Gaither that she had not done anything wrong and that her evaluations were excellent. Before this meeting, Gaither had not been told that she needed to leave Safe Haven.

On March 19, 2004, Gaither met with Marsh and told him she was worried because her position had been offered to someone else while she still had the position. Gaither saw this as retaliation for her investigation of Williams.

On April 1, 2004, Marsh placed Gaither on administrative leave pending investigation of a complaint filed by Williams against her. By this time, Williams was not working at ODOT. Gaither was told only that the investigation was related to Williams and concerned allegations that Gaither had disclosed confidential information about a court case. Marsh told Gaither that he was placing her on administrative leave because the complaint was "external." Gaither responded that Williams had

3 - FINDINGS AND RECOMMENDATION

not been placed on administrative leave despite allegations that he had sexually harassed employees he worked with and supervised. Marsh said the investigation would be concluded in a day or two.

On April 2, 2004, Gaither met with Mark Anderson, who worked at the Department of Justice (DOJ). Anderson told Gaither that Williams's complaint alleged that Gaither had publicly claimed responsibility for his departure from ODOT. Anderson told Gaither that employees are not placed on administrative leave "for nothing." Gaither said she believed that Williams's complaint was retaliation for her investigation.

On April 5, 2004, Marsh said that he would ask the DOJ to complete its investigation in time for Gaither to participate in training on April 6. However, late that afternoon Marsh canceled the training because the investigation was not complete.

On April 7, 2004, Marsh told Gaither to return to work the next day. He said that although the DOJ had not completed its report, the investigation had found that Gaither was credible, that she had done nothing wrong, and that no discipline should be imposed.

On April 8, 2004, Gaither returned to work. Marsh told Gaither that she had done nothing wrong and would not be disciplined. Marsh agreed to write a letter for Gaither to that effect.

On April 9, 2004, Marsh apologized to Gaither for the

4  - FINDINGS AND RECOMMENDATION

"hassle" and thanked her for her professionalism.  Marsh said that he would give Gaither the letter she requested right away.  However, Gaither did not receive a letter from Marsh until May 6, 2004.  The letter, dated April 16, 2004, stated that Gaither should return to work effective April 8, 2004, but it did not state that Gaither had done nothing wrong.  On May 26, 2004, Gaither received a letter stating that the DOJ investigation of her found no wrongdoing.

## STANDARDS

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court takes well-pleaded allegations of fact as true and construes them in the light most favorable to the nonmoving party.  See Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001).  "Dismissal for failure to state a claim is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (internal quotation marks omitted).

## DISCUSSION

The parties agree that because Gaither's claims are under 42 U.S.C. § 1983, they are subject to Oregon's two-year statute of limitations for personal injury claims.  See Or. Rev. Stat. § 12.110(1); Sain v. City of Bend, 309 F.3d 1134, 1139-40 (9th Cir. 2002).  Federal law controls when a § 1983 claim accrues.  See

5 - FINDINGS AND RECOMMENDATION

Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994).  "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Here, Gaither filed her complaint on April 25, 2006.[1]  Marsh contends that Gaither's claims are time-barred because she has not alleged that Marsh committed discriminatory acts after April 1, 2004, when he placed Gaither on administrative leave pending the DOJ investigation into Williams's complaint.

Gaither responds that she has alleged wrongful acts by Marsh that occurred after April 1, 2004.  Gaither also argues that she has pleaded a continuing violation, so that her claim accrued "each day she was subjected to Marsh's enforcement of ODOT's policy, custom and/or practice of discrimination towards females up to and including the day she left her employment with ODOT in November 2004."  Pltf.'s Mem. at 7.

## I. No Discrete Acts of Discrimination Occurred Within the Limitations Period

To determine whether Gaither's claims are timely, this court "must determine whether [Gaither has] alleged 'discrete acts' that would violate the Constitution that occurred within the limitations period."  RK Ventures, Inc. v. City of Seattle, 307

---

[1] In August 2005, Gaither filed an employment discrimination action under Title VII against ODOT, based on the essentially same allegations pleaded here.  Gaither v. ODOT, Civ. No. 05-6244-AA (D. Or.).

6 - FINDINGS AND RECOMMENDATION

F.3d 1045, 1058 (9th Cir. 2002).  In making this determination, the court should look to when the "operative decisions" occurred, "and separate from the operative decisions those inevitable consequences that are not separately actionable."  Id.

Here, Gaither argues that between April 1, 2004, when she was placed on administrative leave, and May 26, 2004, when she received the official notice that the investigation of her was closed, she was "repeatedly encouraged" to leave her position. However, Gaither knew in September 2003 that Marsh wanted her to leave her position, so a claim based on Marsh's alleged encouragement that Gaither leave her position accrued by September 2003.

The complaint alleges that Gaither met with Blair Johnson on May 3, 2004, and that Johnson suggested other, lower-paying positions.  This allegation does not concern Marsh.

The complaint alleges that on May 4, 2004, Marsh "discussed with [Gaither] her options to try to transfer to a position that would be a reduction in salary." Compl. at 10, ¶ 29.  Assuming that Marsh's discussion of job options with Gaither could be considered discriminatory conduct, this discussion was related to Marsh's alleged September 2003 statements.  For statute of limitations purposes, "the question is when the operative decision was made, not when the decision is carried out." RK Ventures, 307 F.3d at 1058.  A claim accrues even if the

7 - FINDINGS AND RECOMMENDATION

operative decision is not final and is subject to possible reversal. See id. at 1059-60. Here, Gaither knew by September 2003 that Marsh wanted her to leave Safe Haven.

Gaither alleges that on March 19, 2004, she complained to Marsh that someone else had been offered her job. This also illustrates that Gaither was on notice that Marsh wanted her to leave her position at Safe Haven.

Gaither left her position at Safe Haven in July 2004. This also may have been a consequence of Marsh's alleged 2003 decision that Gaither should leave Safe Haven. The focus is on the occurrence of the discriminatory act, not the moment at which the operative decision becomes irrevocable. Id.

Marsh's other alleged acts after April 24, 2004 could not be considered discrete acts of discrimination. For example, Marsh's alleged tardiness in providing a letter to Gaither does not show discrimination.

I conclude that none of Marsh's alleged acts after April 24, 2004, were discrete acts of discrimination. Gaither's claims are therefore time-barred unless she can show a continuing violation.[2]

---

[2] A hostile environment claim may encompass events before the statutory period, but Gaither does not contend here that there was a hostile environment. Cf. Gaither v. ODOT, Civ. 05-6244-AA, slip op. at 5 (D. Or. Feb. 28, 2006) (denying Gaither's motion to reconsider dismissal of hostile environment claim).

8 - FINDINGS AND RECOMMENDATION

## II. Gaither Has Not Pleaded a Continuing Violation

The continuing violation rule, although more typically applied to claims of employment discrimination under Title VII, also applies to claims under 42 U.S.C. § 1983. See RK Ventures, 307 F.3d at 1061. A plaintiff may not invoke the continuing violation doctrine by alleging a series of related acts. See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003) (citing National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). The Supreme Court in Morgan did not foreclose a plaintiff from establishing a continuing violation based on a systematic pattern or practice. See id. at 829 n.3 (citing Morgan, 536 U.S. at 115 n.9).

Here, Gaither argues that the continuing violation doctrine applies because Marsh enforced ODOT policies, customs, or practices of discriminating against female employees and of violating First Amendment rights. However, Gaither has not pleaded facts supporting her contention that Marsh's conduct was part of a systematic pattern or practice. Further, none of her allegations after April 25, 2004, state any discriminatory actions by Marsh. Gaither therefore has not pleaded a continuing violation.

Although I conclude that the statute of limitations bars Gaither's claims, I recommend that Gaither be allowed to move for leave to file an amended complaint. When a court dismisses a

9 - FINDINGS AND RECOMMENDATION

claim under Rule 12(b)(6), the court "should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency."  McBee v. Greenpoint Credit, LLC, Civ. No. 03-1576-BR, 2005 WL 27476, at *3 (D. Or. Jan. 3, 2005) (citing Schreiber Distrib. Co. v. Serv-Well Furn. Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

## CONCLUSION

Defendant's motion to dismiss (#4) should be granted and plaintiff should be given leave to file an amended complaint.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due November 16, 2006.  If no objections are filed, review of the Findings and Recommendation will be under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date objections are filed.

DATED this 26th day of October, 2006.


         /s/ Patricia Sullivan
          PATRICIA SULLIVAN
        U.S. MAGISTRATE JUDGE

10 - FINDINGS AND RECOMMENDATION